21 F.3d 419
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Colleen FRAZIER, ET AL., Plaintiffs, Appellants,
v.
COMMISSIONER, MAINE DEPT. OF HEALTH AND HUMAN SERVICES,
Defendants, Appellees.
 No. 93-2158
 United States Court of Appeals, First Circuit.
 April 14, 1994.
 
 Appeal from the United States District Court for the District of Maine [Hon. Gene Carter, U.S. District Judge ]
 Thomas H. Kelly, on brief for appellant.
 Michael E. Carpenter, Attorney General, and Mary B. Najarian, Assistant Attorney General, on brief for appellee.
 D.Me.
 VACATED AND REMANDED.
 Before Breyer, Chief Judge, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellants, a class of Aid to Families with Dependent Children recipients, appeal the district court's reduction of their request for attorneys' fees, pursuant to 42 U.S.C. Sec. 1988. We reverse the award and remand to the district court for further proceedings consistent with this opinion.
 
 
 2
 * Appellants brought a class action suit against appellee, Commissioner of the Maine Department of Human Services [the Commissioner], seeking declaratory and injunctive relief pursuant to 42 U.S.C. Sec. 651 et seq., 42 U.S.C. Sec. 1983, and the fifth and fourteenth amendments to the United States Constitution. Appellants alleged that the Commissioner violated her statutory and/or constitutional obligations in various situations where the Commissioner collected child support owed by a noncustodial parent to more than one family. They alleged in particular that the Commissioner (1) had no policies or procedures to ensure that amounts of child support paid by a noncustodial parent were equitably and proportionately divided between families when the Commissioner received less than the total amount of support due; (2) had no policies or procedures to insure that the child support orders were not inequitable in arbitrarily and capriciously awarding disproportionate amounts to different families; and (3) had failed to follow federally mandated child support review and modification procedures. The first two issues were settled by consent decrees, entered into by the parties in May 1992 and March 1993. The consent decree also provided that the final claim would be dismissed by appellants without prejudice.
 
 
 3
 After approval of the consent decree, appellants sought attorneys' fees of $12,210.91 pursuant to 42 U.S.C. Sec. 1988. The district court found that appellants were "prevailing parties" but reduced the amount of the award to $3,620.00. The only issue on appeal is the reasonableness of the amount awarded.
 
 II
 
 4
 Although the district court possesses broad discretion in fee setting matters, see, e.g., Segal v. Gilbert Color Systems, Inc., 746 F.2d 78, 86 (1st Cir. 1984), the court must "make concrete findings and explain its reasoning," Weinberger v. Great Northern Nekoosa Corp., 925 F.2d 518, 527 (1st Cir. 1991) (citing cases). This court has long held that, unless an alternative method is required by law, it is best to calculate attorneys' fees based on the number of hours reasonably expended multiplied by a reasonable hourly rate. Id.; see also Hensley v. Eckerhart, 461 U.S. 424, 436 (1983) (approving this method for awards pursuant to Sec. 1988). Once the court has ascertained the "lodestar" amount, it may adjust this figure as appropriate. Segal 746 F.2d at 87. This approach is recommended both because it limits the danger of arbitrariness in fee setting, Weinberger, 925 F.2d at 526, and because it allows for "meaningful review" of the award by an appellate court, Furtado v. Bishop, 635 F.2d 915, 920 (1st Cir. 1980).
 
 
 5
 In the instant case, the district court did not use the "lodestar" approach. Instead, the court found that $3,620.00 represents reasonable compensation to the Plaintiffs' counsel in this case, taking into account, on balance, the difficulty of the issues contested, the significance of the result obtained in the settlement of the case, and the level of professional diligence and experience brought to the task of representing Plaintiffs' interests herein by their counsel.
 
 
 6
 The court made no findings as to the reasonable number of hours expended on the case or the reasonable hourly rate for counsel.
 
 
 7
 Appellee asserts that the court was not required to use the lodestar approach in this case because appellants achieved only de minimis success on their claims. Appellee calls attention to the Supreme Court ruling in Farrar v. Hobby, 113 S.Ct. 566 (1992), which stated that " 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of the success obtained,' " id. at 574 (quoting Hensley, 461 U.S. at 436), and that, in some cases where a plaintiff has obtained only minimal success, the court may award low fees without "multiplying 'the number of hours reasonably expended ... by a reasonably hourly rate,' " id. at 575 (quoting Hensley, 461 U.S. at 433).
 
 
 8
 We do not find the reasoning in Farrar applicable in the instant case. Farrar was a damage action in which the indisputably de minimis success of plaintiff was evidenced by his having been awarded only $1 of the $17 million in damages he sought. See id. The instant case, on the other hand, is an action for injunctive and declaratory relief in which the degree of success is not obvious, not discussed in any detail by the district court, and very much disputed by the parties. Moreover, the district court has not made clear how the degree of success affected its overall fee assessment. In these circumstances, we think it necessary that the district court first calculate the lodestar amount, and then, after determining appellants' degree of success, see Culebras Enterprises Corp. v. Rivera-Rios, 846 F.2d 94, 102 (1st Cir. 1988) (district court in best position to determine degree of success), adjust the lodestar amount in light of that determination, see, e.g., id. (no abuse of discretion where district court reduced lodestar figure by 50 percent in light of plaintiff's lack of success on claim for damages and limited success on claim for injunctive relief). There may be situations apart from Farrar where adequate explanation for dispensing with the lodestar might excuse any attempt to compute the lodestar as a starting point; but no such explanation has been attempted in this case and we think that it will be more efficient here for the district court to compute the lodestar and then make any adjustments it thinks warranted.
 
 
 9
 Appellee also asserts that the district court, in reducing appellants' request, did not abuse its discretion because appellants did not provide a proper basis for determining how much time was spent on their successful and unsuccessful claims. The failure to particularize time may in some cases restrict an appellant's right to challenge an award on appeal. See Nadeau v. Helgemoe, 581 F.2d 275, 279 (1st Cir. 1978) (court will not view with sympathy claim that court awarded unreasonably low fees where plaintiff was only partially successful and records do not provide basis for distinguishing time spent on particular claims). However, in this case, appellants did provide the district court with detailed specific documentation of how their time was spent. Moreover, appellants' claims arguably involved a "common core of facts" and were "based on related legal theories" which made the division of time on a claim to claim basis difficult. See Hensley, 461 U.S. at 435. In such a situation, a reasonable fee "may include compensation for legal work performed on the unsuccessful claims." Id.; Garrity v. Sununu, 752 F.2d 727, 734 (1st Cir. 1984). The determination of whether or not appellants' claims were "interrelated" is again best made by the district court. See Lipsett v. Blanco, 975 F.2d 934, 941 (1st Cir. 1992).
 
 
 10
 For these reasons, we vacate the award and remand to the district court for further proceedings. In remanding this case, we do not suggest that the dollar amount awarded by the district court was unreasonable. We only require that (absent unusual circumstances and an explanation) the court adhere to the normal lodestar procedures in calculating the award.
 
 
 11
 The award of attorneys' fees is vacated and remanded.